UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JEFFREY BURNETT, et al.,<br><br>  Plaintiffs,<br><br>    v.<br><br>CONSECO LIFE INSURANCE COMPANY, et al.,<br><br>  Defendants. | Case No. 12-cv-05906-SI<br><br>**ORDER DENYING PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Currently before the Court is plaintiffs' Administrative Motion to File Under Seal documents in connection with its opposition to defendants' motion to dismiss. Docket No. 650. Plaintiff has submitted the declaration of plaintiffs' counsel Derek Sugimura in support of the motion to file under seal. Docket No. 650-2. The Sugimura declaration states that defendants, the designating parties, have identified the documents "Confidential." *Id*. at 1.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Reference to a stipulation or a blanket protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civ. L.R. 79-5(d)(1)(A). When applying to file documents under seal in connection with a dispositive motion, the party seeking to seal must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). Where a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under

Federal Rule of Civil Procedure 26(c) is sufficient.  *Id*. at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access.  Civ. L.R. 79-5(b).

The plaintiffs' supporting declaration does not demonstrate that the submitted documents, in their entirety, should be filed under seal.  Mr. Sugimura's declaration provides no justification for sealing except that the defendants have designated the documents as confidential pursuant to the agreement between the parties and the protective order.  The fact that the parties agreed among themselves to keep these documents private, without more, is no reason to shield the information from the public at large.  Further, defendants—the designating parties—failed to submit a declaration establishing that the designated material is sealable.  *See* Civ. L.R. 79-5(e)(1).

Accordingly, the Court hereby DENIES the motion to file under seal.  This denial is without prejudice to the parties refiling the motion and supporting declaration **no later than February 13, 2015**, in a format that is narrowly tailored and demonstrates "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178-79.  The unredacted version of the documents sought to be filed under seal must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version.  Civ. L.R. 79-5(d)(1)(D).

**IT IS SO ORDERED**.

Dated: February 5, 2015

_____
SUSAN ILLSTON
United States District Judge