# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: CONSECO LIFE INSURANCE CO.
LIFETREND INSURANCE MARKETING AND
SALES PRACTICES LITIGATION**                                    MDL No. 2124

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL REMAND ORDER

The transferee court in this litigation has advised the Panel that coordinated or consolidated pretrial proceedings in the action(s) on this conditional remand order have been completed and that remand to the transferor court(s), as provided in 28 U.S.C. § 1407(a), is appropriate.

IT IS THEREFORE ORDERED that the action(s) on this conditional remand order be remanded to its/their respective transferor court(s).

IT IS ALSO ORDERED that, pursuant to Rule 10.2 of the <u>Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation</u>, the transmittal of this order to the transferee clerk for filing shall be stayed 7 days from the date of this order. If any party files a notice of opposition with the Clerk of the Panel within this 7−day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Northern District of California.

IT IS FURTHER ORDERED that, pursuant to Rule 10.4(a), the parties shall furnish the Clerk for the Northern District of California with a stipulation or designation of the contents of the record to be remanded.

<table>
<tr><td>
Inasmuch as no objection is<br>
pending at this time, the<br>
stay is lifted.<br>
<br>
<strong>Sep 06, 2017</strong><br>
<br>
CLERK'S OFFICE<br>
UNITED STATES<br>
JUDICIAL PANEL ON<br>
MULTIDISTRICT LITIGATION
</td></tr>
</table>

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**IN RE: CONSECO LIFE INSURANCE CO.
LIFETREND INSURANCE MARKETING AND
SALES PRACTICES LITIGATION**

MDL No. 2124

## SCHEDULE FOR CRO

| TRANSFEREE | | | TRANSFEROR | | | |
|---|---|---|---|---|---|---|
| **DIST** | **DIV.** | **C.A.NO.** | **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
| CAN | 3 | 12−05906 | CAC | 5 | 12−01715 | William Jeffrey Burnett et al v. Conseco Life Insurance Company et al |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Conseco Life Insurance Company LifeTrend Insurance Sales and Marketing Litigation* | Case No. 10-md-02124-SI |
| | Case No. 12-cv-05906-SI |
| WILLIAM JEFFREY BURNETT and JOE H. CAMP, | **ORDER SUGGESTING REMAND TO TRANSFEROR COURT** |
| Plaintiffs, | Re: Dkt. No. 692 |
| v. | |
| CONSECO LIFE INSURANCE COMPANY, INC., CNO FINANCIAL GEROUP, INC, and CNO SERVICES, LLC, | |
| Defendants. | |

Presently at issue is the motion of defendant Conseco Life Insurance Company, Inc. for an order suggesting remand to the transferor court. This matter came on for hearing on August 18, 2017. For the reasons set forth below, the Court will GRANT the motion and SUGGEST that the Judicial Panel on Multidistrict Litigation remand this case to the transferor court.

**BACKGROUND**

This is a multi-district ligation involving "LifeTrend 3" and "LifeTrend 4" life insurance policies. *See In re Conseco Life Insurance Company LifeTrend Insurance Marketing and Sales Practices Litigation*, Case No. 10-md-02124-SI (N.D. Cal.) ("MDL"). Plaintiffs in this action are former policy holders William Burnett and Joe Camp. Plaintiffs were members of the class certified under Federal Rule of Civil Procedure 23(b)(2) in the first action filed in the MDL, *Brady v. Conseco, Inc.*, 08-cv-05746-SI (N.D. Cal.) ("Brady Action"), until December 20, 2011, when the Court redefined the class in light of the Supreme Court's ruling in *Wal-Mart Stores, Inc. v.*

*Dukes*, 564 U.S. 338 (2011). The Court held that pursuant to *Dukes*, policyholders who surrendered their policies, like Burnett and Camp, could no longer be included in the class because the monetary relief they sought was not incidental to the declaratory or injunctive relief sought by the *Brady* plaintiffs. *See* Dkt. No. 253.[1]

Having been excluded from the Brady Action, on October 5, 2012, Burnett and Camp filed this action in the Central District of California. The complaint seeks class certification under Rule 23(b)(3) or alternatively under 23(c)(4). FAC ¶ 11. Plaintiffs Burnett and Camp seek the following on behalf of themselves and the members of the proposed class of former LifeTrend policy holders: declarations that Conseco Life Insurance Company ("Conseco Life") breached their insurance policies and money damages that the class members incurred as a result of the policy breaches. *Id.* ¶ 12. The factual allegations of this case are outlined in detail in the Court's order granting defendants' motions to dismiss and denying plaintiffs' motion for sanctions. *See* Dkt. No. 717.

On November 9, 2012, the Judicial Panel on Multidistrict Litigation ("Panel") transferred the Burnett/Camp case as a tag-along case to this Court.[2] As in the other cases in this MDL, the Burnett plaintiffs named Conseco Life as a defendant. They also have named CNO Financial Group, Inc. and CNO Services, LLC (collectively, "CNO defendants") as defendants. CNO Financial was an indirect corporate parent of Conseco Life and CNO Services is a subsidiary of CNO Financial. FAC ¶ 2. Plaintiff Burnett purchased his policies in California, where he once resided, but retired to Missouri in 2007. *Id*. ¶ 29. Plaintiff Camp resides in North Carolina. *Id*. ¶ 30.

In March 2015, Conseco Life filed a motion for suggestion of remand to the Central District of California. Dkt. No. 692. Plaintiffs opposed, arguing that keeping this case in the Northern District of California until the conclusion of pretrial proceedings would maximize

---

[1] Unless otherwise stated, references to the docket are to the MDL docket, Case No. 10-md-02124-SI.

[2] As of November 2013, the *Conseco Life* MDL case was settled and judgment was entered. *See* Dkt. Nos. 526, 527.

judicial efficiency and fairness. Dkt. No. 709. Plaintiffs also opposed Conseco Life's anticipated request for an eventual change of venue to Indiana. Plaintiffs argued that this case should remain in California because roughly 1000 (or nearly one quarter of the total) of the insurance policies at issue were sold in California and because plaintiff Burnett originally purchased his Conseco Life policies in California. *Id.* at 15.

On April 9, 2015, the Court granted defendants' motions to dismiss the claims of the Burnett plaintiffs with prejudice based on failure to state a claim for breach of contract. Dkt. No. 717. The Court did not reach CNO defendants' argument that the case should be dismissed for lack of personal jurisdiction, *id.* at 11 n.4, nor did it reach Conseco Life's motion for suggestion of remand to the Central District of California. In September 2015, the Court issued an order terminating the MDL action. Dkt. No. 727.

On May 4, 2017, the Ninth Circuit issued a memorandum reversing the dismissal of the Burnett/Camp action and remanding the case to this Court. Dkt. No. 728. On July 3, 2017, the Court held a case management conference. In the parties' joint case management conference statement, plaintiffs argued that "this case is properly before this Court, is still part of the MDL, and should continue to be part of the MDL." Dkt. No. 736, Joint Case Management Statement at 4. The CNO defendants requested a ruling on the question of personal jurisdiction that they presented in their motion to dismiss in 2015. *Id.* at 6. Conseco Life argued that as a preliminary matter the Court should resolve the motion to remand this case that was pending at the time of dismissal. *Id.* at 7.

At the case management conference, the Court ordered supplemental briefing on the question of remand. Dkt. No. 742. The Court also stayed the discovery motions, which plaintiffs had recently re-filed, until after resolution of the remand issue. On July 21, 2017, plaintiffs and Conseco Life filed their supplemental briefing. Dkt. Nos. 745, 746.

## LEGAL STANDARD

Title 28 U.S.C. § 1407(a), pursuant to which this case was transferred here, provides in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. *Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]*

(emphasis added). Once "coordinated or consolidated pretrial proceedings" have been completed in the transferee court, the transferred cases must be remanded to their original courts (whether for trial or otherwise). *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 28 (1998). "It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate." *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977).

The authority to remand, however, rests entirely with the Panel; this Court lacks the power to remand an action transferred to it under Section 1407. *See Lexecon*, 523 U.S. at 28 (noting § 1407(a) "imposes a duty on the Panel to remand any such action to the original district 'at or before the conclusion of such pretrial proceedings'"). The transferee judge may recommend remand of an action to the transferor court by filing a suggestion of remand with the Panel. *See* Panel Rule 10.1(b)(i). The Panel may also remand an action to the transferor court on its own initiative or on the motion of any party. *Id.* The Panel "will remand an action or actions prior to the completion of coordinated or consolidated pretrial proceedings only upon a showing of good cause." *In re S. Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978).

## DISCUSSION

Plaintiffs' primary argument in opposition to remand is that the case should remain with this Court for purposes of judicial efficiency. Plaintiffs argue that both this Court and Magistrate

4

1   Judge Laporte, who oversaw discovery matters, have invested "countless hours" studying the facts

2   of this case and that remand should not occur until all pre-trial proceedings have been concluded.

3   Dkt. No. 745, Pls.' Suppl. Br. at 1.  Plaintiffs intend to file a motion for class certification, which

4   they anticipate filing in February 2018 and arguing in June.  Joint Case Management Statement at

5   36.  They state that the Court's prior ruling on class certification in the Brady Action, including

6   evaluation of the Rule 23(a) prerequisites and the factors of predominance and superiority, puts

7   this Court in the best position to determine the Burnett plaintiffs' class motion.  Pls.' Suppl. Br. at

8   5.  Likewise, plaintiffs argue that this Court is in the best position to oversee any class settlement

9   process.

10          In support of its motion for suggestion of remand, Conseco Life argues that judicial

11  efficiency would be best served by remanding or transferring this case to the court that will

12  ultimately preside at trial.  If the case is remanded to the Central District of California, Conseco

13  Life intends to submit an immediate motion to transfer venue to the Southern District of Indiana.[3]

14  Joint Case Management Statement at 7.  They contend that venue is proper in the Southern District

15  of Indiana because, *inter alia*, all defendants are subject to personal and subject matter jurisdiction

16  in Indiana.  Conseco Life resides in Indiana.  FAC ¶ 31.  CNO defendants have their principal

17  place of business in Indiana.  *Id.* ¶¶ 32, 33.

18          CNO defendants take no position on the remand question.  In the joint case management

19  statement filed in June 2017, CNO defendants argue that their motions for dismissal for lack of

20  personal jurisdiction are now ripe for resolution.  Joint Case Management Statement at 6.

21  Plaintiffs ask for resolution of their pending discovery motions in order for them to oppose the

22  CNO defendants' motion to dismiss.  *Id.* at 4.  In their supplemental briefing, however, plaintiffs

23  concede that "the crux of each side's position [on the jurisdictional issue] has been briefed,

24  argued, and submitted to the Court" and use this as further reason why the Court should not

25

26

27          [3] Conseco Life has filed a notice of lodgment of the motion to transfer venue that it intends
28  to file in the Central District of California, should the Court grant Conseco Life's motion to
    remand.  Dkt. No. 747.

                                                    5

remand the action at this time. Pls.' Suppl. Br. at 8. Conseco Life urges that the Court resolve the remand question prior to ruling on the matter of personal jurisdiction.

The Court concludes that the purposes behind transferring this action to this Court have now been served. The Court has addressed numerous discovery disputes, dispositive motions, and other pretrial issues involving facts and legal questions common to the various cases in this MDL proceeding. The above captioned action is the sole remaining action in this MDL; therefore, no further pretrial motions raising common questions remain for this Court to resolve.[4] It has now been two years since the Court issued a substantive ruling in this case and over five years since the Court issued a substantive class certification ruling that encompassed the Burnett plaintiffs.[5] *See* Dkt. Nos. 253, 717. Under these circumstances, the Court agrees with Conseco Life that judicial efficiency now weighs in favor of having the court that will try this case resolve any future motions, rather than having this Court re-familiarize itself with the facts of this case only to have the case ultimately remanded for trial. Should the case settle, the Court notes that there would be no particular efficiency in having it oversee the settlement process solely because it oversaw the settlement in the Brady Action, which involved a different class of plaintiffs settling different claims. Although plaintiffs may be correct that remand is not mandatory when only one case in the MDL remains, "the Panel has the discretion to remand a case when everything that remains to be done is case-specific." *See In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).

Plaintiffs argue that remanding or transferring the case now would deprive them of their choice of forum in bringing suit in California. *See* Pls.' Suppl. Br. at 17-18. However, plaintiffs

---

[4] At the hearing on August 18, 2017, plaintiffs for the first time raised the possibility that this may not be the sole remaining action in the MDL, citing the Court's order severing the claims of Eugene Kreps. *See* Dkt. No. 373. An examination of the docket shows that plaintiff Kreps surrendered his LifeTrend policy and thus was excluded from the Brady Action when the Court decertified the class as to former policyholders in December 2011. *See id.*; Dkt. No. 253. In July 2012, the Court ordered the claims of Mr. Kreps severed from the Brady Action, pursuant to the parties' stipulation. Dkt. Nos. 352, 373. In October 2012, plaintiffs filed this action, which was intended to encompass former policyholders such as Mr. Kreps. Thus, Mr. Kreps appears to be a putative class member in the present action.

[5] The Brady Action resolved through a settlement, in which the parties sought certification of two settlement classes. Dkt. Nos. 505. 526.

did not choose the Northern District of California as their forum. They chose the Central District of California, and the case was transferred here by order of the Panel. The events alleged in the first amended complaint did not take place in the Northern District of California. None of the defendants is a resident of California. The two proposed class representatives reside in Missouri and North Carolina. Plaintiffs proffer several reasons for keeping this case in California: that Burnett originally purchased his policy here, when he lived in Twentynine Palms, California;[6] and that more than one thousand former LifeTrend 3 and LifeTrend 4 policies were sold in California. Pls.' Suppl. Br. at 17. However, these concerns provide no reason not to remand this case back to the Central District of California where it was filed.[7] That court can then properly rule on any issues of personal jurisdiction or motion to transfer venue.[8]

## CONCLUSION

For the reasons stated above, pursuant to Rule 10.1(b)(i) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the Court SUGGESTS that the Panel REMAND the above captioned case to its transferor court.

**IT IS SO ORDERED**.

Dated: August 22, 2017

_____
SUSAN ILLSTON
United States District Judge

---

[6] Twentynine Palms, located in San Bernardino County, is within the jurisdiction of the Central District of California. *See* https://www.cacd.uscourts.gov/jurisdiction.

[7] Plaintiffs also suggest that the Court could retain this action through trial, by presiding in the Central District of California by designation of the Chief Judge of the Ninth Circuit. Joint Case Management Statement at 5 (citing 28 U.S.C. § 292(b)). The Court sees no reason to do so.

[8] Indeed, immediately before this case was consolidated with the MDL, Central District Judge Virginia A. Phillips issued a minute order ordering plaintiffs to show cause "why venue should not be transferred to Missouri, North Carolina, or one of the districts in which Defendants' principal places of business are located." *Burnett v. Conseco Life Ins. Co.*, No. EDCV 12-01715 VAP, 2012 WL 12882135, at *2 (C.D. Cal. Oct. 26, 2012).